UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIFFORD L. WOODS, JR.,

                              **Plaintiff,**

v.                                               5:15-CV-027 (BKS-ATB)

**POLICE OFFICER SZAKACS,**
**Individually and in his official capacity as a Police**
**Officer for the City of Syracuse,**

                              **Defendant.**
_____

**APPEARANCES:**

For Plaintiff:
John W. Sharon, Esq.
109 South Warren Street, Suite 314
Syracuse, New York 13202

For Defendant:
Joseph E. Fahey, Corporation Counsel of the
City of Syracuse
Christina F. DeJoseph, Assistant Corporation Counsel
Erica T. Clarke, Assistant Corporation Counsel
233 East Washington Street
300 City Hall
Syracuse, New York 13202

**Hon. Brenda K. Sannes, United States District Court Judge:**

<u>**Order Regarding Motions in Limine**</u>

**Introduction**

Presently before the Court is Defendant's motion in limine seeking to: 1) dismiss Plaintiff's state law claims as duplicative of his remaining claims under federal law; 2) dismiss Plaintiff's official capacity claims against Defendant Szakacs as duplicative of Plaintiff's dismissed claims against the City of Syracuse; 3) amend the caption to reflect the Court's May 1, 2017 ruling dismissing defendants City of Syracuse, Police Chief Fowler, and Sergeant Llucaki; 4) preclude Plaintiff from cross-examining at trial Sergeant Llucaki regarding his involvement in a previous excessive force claim; and 5) preclude Plaintiff from offering as evidence at trial an evaluation prepared by Plaintiff's therapist, Natalie S. Gordon. (Dkt. No. 90). Plaintiff has not responded to the motion. Also pending is additional briefing, (Dkt. No. 89), which has Defendant submitted on the issue of whether the jury may touch or handle the firearm he used to strike Plaintiff, which was previously raised in Plaintiff's motion in limine. (Dkt. No. 80, p. 2). The Court has taken that issue under advisement.

At the final pre-trial conference on May 24, 2017, based on discussions with counsel and for the reasons stated on the record, the Court made the following rulings: 1) denied as moot Defendant's request to preclude Plaintiff from cross-examining at trial Sergeant Llucaki regarding his involvement in a previous excessive force claim; and 2) denied as moot Defendant's request to preclude Plaintiff from offering at as evidence at trial an evaluation prepared by Plaintiff's therapist, Natalie S. Gordon.[1] The parties also sought clarification as to the Court's prior ruling on Plaintiff's request to preclude testimony from Syracuse Police

---

[1] As previously ordered, Ms. Gordon will not "be able to offer an opinion as to Plaintiff's condition derived from her specialized knowledge as a therapist," but she can testify as a lay witness, subject to timely objections, in accordance with the Federal Rules of Evidence. (*See* Dkt. No. 85, pp. 8-9).

2

Department ("SPD") Detective Mark Rusin. (*See* Dkt. Nos. 57, 62). The Court has made the docket correction sought by Defendant. As to the remaining issues, having considered the parties' submissions, and the arguments advanced at the final pre-trial conference, the Court rules as follows.

**1) Plaintiff's State Law Claims**

Defendant argues that "Plaintiff's claims under New York State law for assault and battery, false imprisonment, and malicious prosecution should be dismissed as duplicative of his claims arising under § 1983 for excessive force, false arrest and malicious prosecution." (Dkt. No. 90, p. 5). Plaintiff has not responded to this argument, and at the final pre-trial conference, did not articulate any basis for differentiating between the federal and state law claims. "Essentially, the Fourth Amendment excessive force standard applies to assault and battery claims against a police officer under New York law." *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 263 (N.D.N.Y. 2014). Moreover, a Section 1983 claim for false arrest, "resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). However, "there must be a post-arraignment seizure for a § 1983 malicious prosecution claim," in addition to the requirements for a malicious prosecution claim under New York state law. *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003); *see also Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013).

Accordingly, Plaintiff's state law claims for assault and battery and false imprisonment must be dismissed as duplicative, but Plaintiff's state law claim for malicious prosecution may proceed. *See also Blot v. Town of Colonie*, No. 11 Civ. 991, 2017 WL 61943, at *22, 2017 U.S.

Dist. LEXIS 1308, at *45 (N.D.N.Y. Jan. 5, 2017) ("regarding Plaintiff's fifteenth and sixteenth claims (of assault and battery under state law), those claims are dismissed on the alternative ground that they are redundant of his federal excessive force claim") (citing cases).

### 2) Plaintiff's Official Capacity Claims

Defendant further argues that Plaintiff's official capacity claims against Defendant Szakacs should be dismissed as duplicative of his dismissed claims against the City of Syracuse. (Dkt. No. 90, p. 6). In general, "[a] claim against officers in their official capacity is essentially a claim against the city." *Kennedy v. City of Albany*, No. 15 Civ. 491, 2015 WL 6394513, at *5, 2015 U.S. Dist. LEXIS 143568, at *12 (N.D.N.Y. Oct. 22, 2015). Plaintiff's official capacity claims are thus essentially directed at the City of Syracuse, and the Court previously dismissed Plaintiff's municipal liability claim against the City. (*See* Dkt. No. 35). Accordingly, Plaintiff's official capacity claims against Defendant Szakacs must be dismissed as well. *See also Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ("Because the claim against defendants Venturini and Osborn in their official capacity is essentially a claim against the village, it was also properly dismissed for the [same] reasons."); *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against individuals in their official capacity as duplicative of claims against county); *Odom v. Matteo*, 772 F. Supp. 2d 377, 392 (D. Conn. 2011) (dismissing official capacity claim as "duplicative or redundant").

### 3) Testimony of Detective Rusin

In his motion in limine, Plaintiff requested that Detective Rusin be precluded from testifying on the basis that his testimony is "not relevant to the question before the Court and would be highly prejudicial to the Plaintiff." (Dkt. No. 62). In opposition to that motion,

4

Defendant argued that he intends to call Detective Rusin "to explain the Syracuse Police Department's use of force policy," and that "Detective Rusin is not called as an expert to offer opinion, rather as a lay witness who happens to be the best available witness to identify the parameters of the policy for the jury and clarify any questions pertaining to the Department's implementation of it."  (Dkt. No. 68, p. 13).

At the pre-trial conference on March 24, 2017, Defendant's counsel stated that Detective Rusin would be called to testify as a lay witness about "the parameters of the department's use-of-force policy, the use-of-force continuum, and the training that officers receive escalating along the lines of that continuum," but that he would not offer an opinion as to whether Defendant Szakacs used reasonable force.  Plaintiff's counsel objected on the basis that the testimony was cumulative and not relevant.  Based on discussions about other non-party SPD witnesses, the Court inadvertently denied Plaintiff's request as moot.  (*See* Dkt. No. 85, pp. 2-3). At the final pre-trial conference on May 24, 2017, Plaintiff's counsel renewed his request to preclude Detective Rusin, and Defendant's counsel once again proffered that Detective Rusin would not opine on the reasonableness of the force used by Defendant, which is the ultimate issue for the jury to resolve for purposes of Plaintiff's excessive force claim.

The Court finds that Detective Rusin may testify as a fact witness regarding the SPD's use of force policy.  *See*, *e.g.*, *United States v. Cuti*, 720 F.3d 453, 457-61 (2d Cir. 2013) (discussing admissible fact testimony based on personal knowledge and inadmissible lay opinion based on specialized knowledge); Dkt. No. 85, pp. 8-9 (discussing inadmissible lay opinion). Evidence of the SPD's use of force policy is plainly relevant to Plaintiff's excessive force claim.

Moreover, it is not cumulative or otherwise subject to exclusion on Rule 403 grounds. Therefore, Plaintiff's request to preclude Detective Rusin's testimony is denied.

## Conclusion

For the foregoing reasons, it is hereby:

**ORDERED** that Defendant's motions in limine (Dkt. No. 90) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's claims under New York State Law for assault and battery and false imprisonment are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Szakacs in his official capacity are **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall amend the caption to remove reference to official capacity claims against Defendant Szakacs; and it is further

**ORDERED** that Defendant's motion in limine (Dkt. No. 90) is otherwise **DENIED;** and it is further

**ORDERED** that Plaintiff's request to preclude Detective Rusin's testimony (Dkt. Nos. 57, 62) is **DENIED**.

**IT IS SO ORDERED.**

May 25, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge